**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LOLA T. COLLINS WELCH,                    CASE NO. 3:21 CV 2013

     Plaintiff,

     v.                                     JUDGE JAMES R. KNEPP II

CITY OF TOLEDO/TARPS,

     Defendant.                             **MEMORANDUM OPINION AND
                       ORDER**

### BACKGROUND

This is another *pro se* and *in forma pauperis* action filed by Plaintiff Lola T. Collins Welch.  In this case, Plaintiff sues the "City of Toledo/TARPS."  (Doc. 1).

As in other cases Plaintiff has filed in this District, Plaintiff's Complaint in the instant case does not set forth clear allegations of misconduct or legal claims against the named Defendant.  Instead, her short Complaint consists of a host of general and unclear grievances. Plaintiff generally complains of issues she has had with her neighbors, her housing, her landlord, and an eviction action brought against her in Toledo Municipal Court.  She also complains she started "having issues with TARPS," the transit authority's transportation service for disabled riders, in 2020.  *Id.* at 1.  She contends she was not being picked up on time or as scheduled due to "favoritism" and she has been paying out of pocket for transportation "that has interfered with [her] bills." *Id.* at 1-2.  The only legal claims apparent on the face of her pleading are references to "Racketeer Influenced & Corrupt Organizations [Act]" ("RICO") and the "Amer[icans]' with Disabilities [Act]." *Id.* at 1.

### STANDARD OF REVIEW AND DISCUSSION

Although the standard of review for *pro se* pleadings is liberal, this generous construction has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001). District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The Court finds Plaintiff's Complaint must be dismissed pursuant to § 1915(e)(2)(B). The unclear and general assertions and grievances set forth in her pleading fail to meet basic pleading requirements, fall within the realm of frivolousness, and even liberally construed, are insufficient to state any plausible federal claim against the "City of Toledo/TARPS," including any claim for corruption or discrimination under RICO or the Americans with Disabilities Act. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required

to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## CONCLUSION

For the foregoing reasons, good cause appearing it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE